## Commonwealth v. Phoenix Iron Co.

*Morley W. Baker*, Special Deputy Attorney General, for Commonwealth.

*Scholl & Dougherty*, for appellant.

SMITH, J., August 13, 1951.—This is an appeal duly taken, pursuant to the provisions of section 301(*h*) of the Pennsylvania Unemployment Compensation Law

of December 5, 1936, P. L. (1937), 2897, as amended by the Act of June 10, 1947, P. L. 498, by the Phoenix Iron Company from a determination by the Department of Labor and Industry, Bureau of Employment and Unemployment Compensation (hereinafter called the bureau) of appellant's unemployment compensation contribution rate for the year 1947.

The primary basis of appellant's complaint is that the bureau erred in the calculation of its 1947 unemployment compensation contribution rate by improperly including therein certain charges resulting from the payment of unemployment compensation benefits to appellant's employes during the early part of 1946, and this for the reason that such payments were not made in compliance with the provisions of section 401(b) of the Unemployment Compensation Law as amended by section 8 of the Act of May 29, 1945, P. L. 1145. Appellant further asserts that it was not in a position to challenge the validity of the payments of such unemployment compensation benefits at the time they were made, since the evidence upon which it bases its allegations of invalidity was not available or known to it until sometime later.

On the other hand, the bureau contends that article V of the Unemployment Compensation Law provides a complete and comprehensive procedure for the determination of benefit eligibility under which all parties in interest are given an opportunity to appear before it and be heard, including interested employes who are not parties to any appeal taken to this court under section 301(h), supra, and that, therefore, although an appeal from a determination of an unemployment compensation contribution rate is properly made to this court, we are without jurisdiction in such an appeal to determine any question of benefit eligibility.

We are in accord with the bureau's position for the reason that just as a valid payment of unemployment compensation benefits creates a valid charge against claimant's base-year employer: Boyertown Burial Casket Co. v. Commonwealth, 61 Dauph. 1, affirmed 366 Pa. 574; so an allegation that the charges resulting from the payment of unemployment compensation benefits are invalid carries with it the necessary implication that the payments of such benefits are invalid. In fact, in the present proceeding, appellant specifically alleges that the payments of the unemployment compensation benefits made to its employes were invalid. See paragraph 5 (c) of the appeal.

The record before us discloses that the basic question of benefit eligibility has never been ruled upon by the bureau pursuant to the benefit appeal procedure prescribed in article V of the Unemployment Compensation Law. On the contrary, appellant's brief on argument specifically states that the question of eligibility was not presented for decision under article V because it believed that the present proceeding was the only course and procedure open and available to it. With this conclusion we do not agree.

In view of the foregoing, it is our opinion that the record in this case must be remanded to the bureau in order that a determination of the benefit rights of appellant's employes may be made, pursuant to the benefit appeal procedure prescribed in article V of the Pennsylvania Unemployment Compensation Law.

### Order

And now, August 13, 1951, it is hereby ordered and decreed that the record of this proceeding be remanded to the Bureau of Employment and Unemployment Compensation of the Department of Labor and Industry of the Commonwealth of Pennsylvania for action in accordance with the conclusions expressed in this opinion.